IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      :

                                  :

        v.                        :      CRIMINAL NO. CCB-07-0155

                                  :

ROBIN SNYDER             :

...o0o...

**MEMORANDUM**

Robin Snyder and his company Mortgage Bankers, Ltd. were convicted of multiple counts of wire fraud, as well as money laundering and obstruction of justice, by a jury on February 28, 2008 following a three-week trial. Represented by new counsel, Snyder was sentenced August 26, 2008 to 97 months' incarceration. At the time of sentencing, restitution was ordered in the uncontested amount of $224,000 based on the testimony of the victims during the trial.[1] Proceedings to determine additional amounts of restitution due to victims who did not testify were deferred. An evidentiary hearing was held October 21, 2008, and supplemental briefing has been received. Based on the entire record, the court will order a total of $423,000 in restitution.

Restitution in this case is governed by the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A ("MVRA"), which requires the court to order restitution in cases involving an offense against property under Title 18, "including any offense committed by fraud or deceit," "in which an identifiable victim or victims has suffered a . . . pecuniary loss." 18 U.S.C. § 3663A(c)(1). A "victim" means:

> a person directly and proximately harmed as a result of the
> commission of an offense for which restitution may be ordered

---

[1] Snyder is appealing his conviction and sentence but did not contest the $224,000 for restitution purposes if the conviction is affirmed.

> including, in the case of an offense that involves as an element a
> scheme, conspiracy, or pattern of criminal activity, any person
> directly harmed by the defendant's criminal conduct in the course of
> the scheme, conspiracy, or pattern.

18 U.S.C. § 3663A(a)(2). Restitution in the full amount of the losses caused by the offense is

mandatory. *United States v. Newsome*, 322 F.3d 328, 340-41 (4th Cir. 2003).

Snyder challenges the court's authority to order restitution to victims not named in the

indictment, arguing that restitution must be limited to the losses caused by the offense of

conviction, not related or "relevant" conduct. *Id.* at 341; *see also Hughey v. United States*, 495

U.S. 411, 418 (1990) (interpreting the Victim and Witness Protection Act). Similar to the

conspiracy proved in *Newsome*, however, his offense of conviction was a fraud scheme laid out

in substantial detail in paragraphs 1-14 of Count One, which are incorporated into all the

following counts. The question is thus whether the government has met its burden of proving by

a preponderance of the evidence, *see* 18 U.S.C. § 3664(e), that the additional persons for whom

restitution is claimed were victims of the same scheme.

I find that the government clearly met its burden through the testimony of FBI Sgt. Greg

Domroe ("SA Domroe") and the exhibits admitted at the October 21, 2008 hearing, when that

testimony is considered in connection with the very extensive evidence offered from multiple

victims to prove the fraud scheme at trial. Mr. Snyder secured advance fees from persons

seeking commercial mortgage loans, though he had no ability or intention in fact to obtain the

requested loans. As was the pattern with the additional victims contacted by the FBI, the

advance fees initially were wired into the Nations Express bank account, promptly transferred to

the Mortgage Bankers, Ltd. account at the same bank, used by Snyder for his own benefit, and

never returned to the would-be borrowers. SA Domroe (or another agent who provided a report

to SA Domroe) spoke personally to all the additional victims and obtained documents showing

that their losses fall squarely within the fraud scheme alleged in Count One and fully proved at

trial. Hearsay evidence, if reliable as this was, may be used to determine the proper amount of

restitution at sentencing.[2] *See United States v. Newman*, 144 F.3d 531, 542 (7th Cir. 1998)

("hearsay testimony may be introduced at sentencing hearings to support a claim for restitution so

long as the testimony has 'sufficient indicia of reliability to support its probable accuracy'")

(quoting U.S.S.G. § 6A1.3(a)).

    Accordingly, the Judgment will be amended to incorporate the victims and amounts

identified on the government's hearing exhibit 21, which is attached and incorporated herein by

reference.


_____
    12/12/08
    Date

_____          /s/
    Catherine C. Blake
    United States District Judge

---

[2]Nor was this a situation where the issues of fact were sufficiently complex as to unduly
burden the sentencing process. *See* 18 U.S.C. § 3663A(c)(3)(B).