IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBIN NEIL SNYDER | : | |
| | : | |
| v. | : | CIVIL NO. CCB-11-3357 |
| | : | Criminal No. CCB-07-155 |
| UNITED STATES OF AMERICA | : | |

...o0o...

**MEMORANDUM**

Federal prison inmate Robin Neil Snyder, convicted by a jury of wire fraud, money laundering, and obstruction of justice, was sentenced to a total of 97 months in prison on August 26, 2008, after a motion for a new trial was denied. On appeal, his convictions were affirmed by the Fourth Circuit. *United States v. Snyder*, 365 F. App'x 508 (4th Cir. 2010). Snyder then filed a motion to vacate under 28 U.S.C. § 2255 in November 2011, which was fully briefed as of July 2012. The motion has been considered and will be denied.

Snyder first argues that he is actually innocent of the wire fraud charges brought against him, that the jury instructions were flawed, and that trial and appellate counsel were ineffective for failing to raise these issues with the courts. He relies on *Skilling v. United States*, 130 S. Ct. 2896 (2010), decided after this appeal was concluded, which dealt with the constitutionality of the "honest-services" fraud statute enacted by Congress in 1988. *See* 18 U.S.C. § 1346. That statute defines "scheme or artifice to defraud" to include a scheme "to deprive another of the intangible right of honest services." *Id.* In *Skilling*, the Court construed the honest-services doctrine as limited to schemes involving bribes and kickbacks. 130 S. Ct. at 2931. Snyder's

argument is without merit, however, because the charges against him did not involve a theory of depriving others of honest services; rather he was charged under 18 U.S.C. § 1343 with an advance-fee scheme to defraud victims by obtaining money from them through false promises that he would work to obtain a loan on their behalf.  (Gov't Opp'n, Ex. 2, Superseding Indictment.)  His counsel understood that Snyder was not charged with "honest services" fraud (*Id.*, Ex. 4-5, Affs.) and therefore did not propose meritless objections on that basis to the jury instructions or the proof at trial.

Similarly, Snyder's challenge to his money laundering conviction based on *Cuellar v. United States*, 128 S. Ct. 1994 (2008), is not persuasive.  *Cuellar* dealt with the proof required for a conviction under 18 U.S.C. § 1956(a)(2) involving international transportation of the proceeds of unlawful activity. Snyder was convicted under 18 U.S.C. § 1956(a)(1), which criminalizes conducting a financial transaction involving the proceeds of unlawful activity.  The jury was properly advised of the elements required to prove that offense.  (Tr. Feb. 28, 2008, at 42-48).  In any event, the claim was not raised on appeal and is procedurally defaulted.  *See United States v. Frady*, 102 S. Ct. 1584, 1591-93 (1982); *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999).  Also defaulted are the allegations of prosecutorial misconduct.  Moreover, some of these claims, including the alleged perjured testimony of several government witnesses, were raised and denied in connection with Snyder's motion for a new trial.  The Fourth Circuit affirmed the denial of a new trial in its 2010 opinion.  365 F. App'x at 510.

In summary, none of Snyder's claims establish ineffective assistance of counsel, actual innocence, or any other grounds for relief under 28 U.S.C. § 2255.  No certificate of appealability is warranted under the standard set in 28 U.S.C. § 2253(c).

A separate Order follows.

<u>January 17, 2013</u>                                                 /s/
      Date                                                         Catherine C. Blake
                                                                      United States District Judge